```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

WORLDHOMECENTER.COM, INC.,
                                              11 Civ. 3371
                    Plaintiff,
                                                 OPINION
     -against-


M.J. RESURRECTION, INC., d/b/a FRESH
WAREHOUSING, a/k/a FRESH WAREHOUSE,

                    Defendant.

-------------------------------------X
```

A P P E A R A N C E S:

    Attorney for Plaintiff

    WOODS & LONERGAN, LLP
    292 Madison Avenue, 22nd Floor
    New York, NY  10017
    By:  Lawrence R. Lonergan, Esq.


    Attorneys for Defendant

    LEWIS BRISBOIS BISGAARD & SMITH LLP
    77 Water Street, Suite 2100
    New York, NY  10005
    By:  Carmine Joseph Castellano, Esq.

    NIELSON LAW FIRM, LLC
    3838 North Causeway Blvd., Suite 2850
    Metairie, LA  70002
    By:  Kevin M. Phillips, Esq.
         Kelley A. Gandurski, Esq.

**Sweet, D.J.**

Defendant M.J. Resurrection, Inc. ("M.J. Resurrection" or the "Defendant") has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Verified Complaint (the "Complaint") of plaintiff Worldhomecenter.com, Inc. ("Worldhomecenter.com" or the "Plaintiff"). Upon the facts and conclusions set forth below, the Defendant's motion is denied.

**Prior Proceedings**

On March 21, 2011, the Plaintiff filed the Complaint in the Supreme Court of the State of New York, County of New York. Worldhomecenter.com is an online retailer of home products sold through its websites, HomeCenter.com and SupplyHouse.com. M.J. Resurrection is engaged in the business of receiving, storing and shipping goods. The Complaint seeks to recover damages resulting from the Defendant's alleged manipulation of Worldhomecenter.com's inventory over a five year period. On or about July 17, 2006, the Plaintiff and the Defendant entered into a contract (the "Agreement") under which M.J. Resurrection was to receive, store and ship Worldhomecenter.com's goods to Worldhomecenter.com's customers.

1

The Agreement, which identifies Worldhomecenter.com as the "Depositor" and M.J. Resurrection as the "Warehouseman," contains the following language:

NOTICE OF CLAIM AND FILING OF SUIT — Sec. 11

(a) Claims by the Depositor and all other persons must be presented in writing to the Warehouseman within a reasonable time, and in no event longer than either 90 days after delivery of the goods by the Warehouseman or 120 days after a physical inventory report and discrepancy report is given to Depositor by Warehouseman, whichever period is longer.

(b) No action may be maintained by the Depositor or others against the Warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section, and unless such action is commenced either within nine months after the date of delivery by Warehouseman or within nine months after Depositor of record or the last known holder of a negotiable warehouse receipt is notified that loss or injury in part of all of the goods has occurred, whichever time is shorter.

(c) When goods have not been delivered, notice may be given of known loss or injury to the good by mailing of a registered or certified letter to the Depositor of record or in the last known holder of a negotiable warehouse receipt. Limitations of time for presentation of claim in writing and maintaining of action after notice shall accrue on the date of mailing of such notice by Warehouseman.

The Complaint alleges that M.J. Resurrection, while serving as steward of Worldhomecenter.com's inventory, exacted inflated invoice payments from the Plaintiff, costing

2

Worldhomecenter.com lost product, profits, customers and standing with credit processors.  The Complaint alleges three causes of action: violation of U.C.C. § 7-204, breach of contract and conversion.

On May 17, 2011, the Defendant moved to remove the case from the Supreme Court of the State of New York, County of New York to the Southern District of New York.  On June 21, 2011, the Defendant moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  The motion was marked fully submitted on August 11, 2011.

**The Rule 12(b)(6) Standard**

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1174 (2d Cir. 1993).  The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Villager Pond, Inc. v. Town of Darien</u>, 56 F.3d 375, 378 (2d Cir. 1995) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

**The Defendant's Motion To Dismiss Is Denied**

M.J. Resurrection raises two arguments in favor of its motion to dismiss the Complaint. First, the Defendant contends that the Complaint should be dismissed under Section 11(a) of the Agreement because Worldhomecenter.com failed to provide written notice of its claims within 120 days after the Defendant provided a physical inventory and discrepancy report. Second, the Defendant contends that the Complaint should be dismissed

under Section 11(b) of the Agreement because, in addition to failing to meet the requirements of Section 11(a), the Plaintiff failed to file its lawsuit within the applicable nine month limitations period.

With respect to the Defendant's first contention that the Complaint should be dismissed because the Plaintiff did not provide adequate notice of its claims, Section 11(a) of the Agreement states:

> Claims by the Depositor and all other persons must be presented in writing to the Warehouseman within a reasonable time, and in no event longer than either 90 days after delivery of the goods by the Warehouseman or 120 days after a physical inventory and discrepancy report is given to Depositor by Warehouseman, whichever period is longer.

The Defendant contends that, on March 16, 2010, M.J. Resurrection provided Worldhomecenter.com with a Notice of Lien for outstanding charges. Attached to the Notice of Lien was an "Inventory by Item" of all the goods being held on behalf of Worldhomecenter.com. As such, M.J. Resurrection states that, under Section 11(a) of the Agreement, the Plaintiff had 120 days after receipt of the Notice of Lien to present its claims to the Defendant in writing. Because no such writing was made, M.J. Resurrection contends that the Complaint should be dismissed.

The Defendant's second argument is that the Plaintiff failed to file suit within the time afforded under Section 11(b) of the Agreement. Section 11(b) provides:

> No action may be maintained by the Depositor or others against the Warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section and unless such action is commenced either within nine months after date of delivery by Warehouseman or within nine months after Depositor of record of the last known holder of a negotiable warehouse receipt is notified that loss or injury in part or all of the goods has occurred, whichever time is shorter.

The Defendant contends that, in addition to failing to abide by the provisions of Section 11(a), the Complaint should also be dismissed because the Plaintiff failed to commence his lawsuit within the nine months provided under the Agreement.

With respect to the Defendant's first argument, the Second Circuit has held that "[w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 161 (2d Cir. 1989). Here, the "statute of limitations" the Defendant identifies refers to the longer of 90

6

days following "delivery of the goods" or 120 days following receipt of "a physical inventory and discrepancy report." No details have been provided concerning the "delivery of the goods," and the Defendant focuses on the 120 day limitations period. Although the Defendant claims that M.J. Resurrection provided Worldhomecenter.com with "a physical inventory and discrepancy report" in the form of the Notice of Lien and accompanying Inventory by Item, the Complaint avers that M.J. Resurrection never provided a discrepancy report to the Plaintiff at any time. See Compl. ¶¶ 1, 14, 25. Additionally, although the Defendant contends that the Plaintiff failed to provide written notice of his claim, the Complaint states that Worldhomecenter.com did provide written notice to the Defendant, as evidenced in email communications between the parties. See Compl. ¶ 15. At the pleading stage, Worldhomecenter.com is under no obligation to support its pleading with evidence, as all statements in the Complaint are accepted as true for purposes of deciding a Rule 12(b)(6) motion. See Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 63 (2d Cir. 1997); Giglio v. Dunn, 732 F.2d 1133, 1134 (2d Cir. 1984). Drawing all inferences in favor of the Plaintiff, it cannot be said that Section 11(a) precludes Worldhomecenter.com from obtaining relief. See Hamilton

7

College, 128 F.3d at 62-63 ("A dismissal is warranted under Rule 12(b)(6) only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The Defendant's second contention that the Complaint should be dismissed because the Plaintiff filed this lawsuit more than nine months after M.J. Resurrection sent the Notice of Lien is also insufficient to warrant granting of the motion to dismiss. Under Section 11(b), there are two events from which the nine month time interval is measured: the "date of delivery," or the date on which the "Depositor of record of the last known holder of a negotiable warehouse receipt is notified that loss or injury in part or all of the goods has occurred." Although the Defendant avers that it sent the Notice of Lien and Inventory by Item on March 16, 2010, M.J. Resurrection has made no representations concerning these two key events. Accordingly, the Defendant has failed to illustrate why Section 11(b) requires that the Complaint be dismissed. Furthermore, Section 11(b) limits the ability of the Depositor to file an action "for loss or injury to the goods stored." The Complaint, however, is not limited to "loss or injury to the goods stored,"

8

but rather seeks damages for lost profits, future profits and loss of potential business. As such, it cannot be said that, when all factual inferences are drawn in favor of the Plaintiff, Worldhomecenter.com has failed to state a claim upon which relief can be granted.

**Conclusion**

Based on the conclusions set forth above, the Defendant's motion to dismiss is denied.

It is so ordered.

**New York, NY**
**December 29, 2011**

_____
**ROBERT W. SWEET**
**U.S.D.J.**